MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:     F. JAMES LOPREST, JR.
Special Assistant United States Attorney
86 Chambers Street, Room 410
New York, New York 10007
Tel. No.:  (212) 637-2728

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
LI, MEIZHEN, CIS File No. A97-817-055               :
(LIN-06-001-53180); and JIANG, XIUHE,
CIS File No. A99 327 015 (LIN-08-058-51606),    :                                 :

                            Plaintiffs,                          :
                                                                                                                   ANSWER
                         - v. -                                      :

                                                                                                          08 Civ. 4266 (SHS)
F. GERARD HEINAUER, Director,                        :
Nebraska Service Center, DHS; and M. MUKASEY,                       ELECTRONICALLY FILED
Attorney General, United States Department of Justice,    :

                         Defendants.                          :
-------------------------------------------------------------------------x

       Defendants F. Gerard Heinauer, Director of the Nebraska Service Center of United States Citizenship and Immigration Services ("CIS"), Department of Homeland Security; and Michael B. Mukasey, United States Attorney General (collectively, "defendants" or "Government"), by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby answer the complaint of plaintiffs Li, Meizhen, A97 817 055 (LIN-06-001-53180) ("Li"), and Jiang, Xiuhe, A99 327 015 (LIN-08-058-51606) ("Jiang") (collectively, "plaintiffs"), upon information and belief, as follows:

       1.      Neither admit nor deny the allegations in paragraph 1 of the complaint because they constitute plaintiff's characterization of this action, conclusions of law, and/or prayer for relief, to

which no response is required; except admit that: (1) plaintiff Li has been granted asylum in the United States, pursuant to § 208(a) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1158(a); (2) on or about October 21, 2005, Li presented the CIS with a Refugee/Asylee Relative Petition ("derivative asylum petition" or "Form I-730 petition") in which she requested that the CIS exercise its discretion to grant asylum to plaintiff Jiang (as her alleged husband) as a derivative beneficiary of her successful asylum application; (3) in a decision dated October 30, 2007 ("October 2007 Decision"), the CIS denied Li's I-730 petition on Jiang's behalf; (4) on or about November 26, 2007, Li moved the CIS to reconsider its denial of the Form I-730 petition; (5) in a decision dated March 28, 2008 ("March 2008 Decision"), the CIS denied Li's motion for reconsideration; and (6) the CIS's Nebraska Service Center has assigned the identification numbers LIN-06-001-53180 and LIN-08-058-51606 to Li and Jiang, respectively, for the purpose of processing the Form I-730 petition. In further response to the allegations in paragraph 1, defendants aver that Jiang is not lawfully present in the United States.

2. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 2.

3. Neither admit nor deny the allegation in paragraph 3 that defendant F. Gerard Heinauer "is charged with the adjudication of I-703 petitions filed by asylees for their alien spouses" because it constitutes a conclusion of law, to which no response is required; and admit the remaining allegation in paragraph 3.

4. Neither admit nor deny the allegations in paragraph 4 because they constitute conclusions of law, to which no response is required; except admit the allegation that defendant

Michael B. Mukasey is United States Attorney General; and respectfully refer the Court to the statute and regulation cited in paragraph 4 for accurate statements of their provisions.

    5.    Neither admit nor deny the allegations in paragraph 5 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statute and regulations cited in paragraph 5 for accurate statements of their provisions. To the extent that a further response to the allegations in paragraph 5 is required, defendants deny the allegations.

    6.    Neither admit nor deny the allegations in paragraph 6 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 6 for an accurate statement of its provisions. To the extent that a further response to the allegations in paragraph 6 is required, defendants deny the allegations.

    7.    Neither admit nor deny the allegations in paragraph 7 because they constitute conclusions of law, to which no response is required; except admit that on or about November 26, 2007, Li moved the CIS to reconsider its denial of the Form I-730 petition she had filed on Jiang's behalf and the CIS denied Li's motion for reconsideration in its March 2008 Decision.

    8.    Admit the allegations in paragraph 8; and respectfully refer the Court to the CIS's decision referred to in paragraph 8 for a true and accurate statement of its contents.

    9.    Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 9; except admit that on or about October 21, 2005, Li presented the CIS with a Form I-730 petition on behalf of Jiang, and the CIS denied Li's I-730 petition on Jiang's behalf in its October 2007 Decision; and respectfully refer the Court to the CIS's decisions referred to in paragraph 9 for a true and accurate statement of its contents.

    10.    Deny the allegations in paragraph 10.

11. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 11.

12. Deny the allegations in paragraph 12.

13. Neither admit nor deny the allegations in paragraph 13 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 13 for an accurate statement of its provisions. To the extent that a further response to the allegations in paragraph 13 is required, defendants deny the allegations.

### AS AND FOR A FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

### AS AND FOR A SECOND DEFENSE

Plaintiffs' claims are unripe for review.

### AS AND FOR A THIRD DEFENSE

Plaintiffs have failed to exhaust administrative remedies.

### AS AND FOR A FOURTH DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A FIFTH DEFENSE

Venue is improper in this District.

### AS AND FOR A SIXTH DEFENSE

Jiang does not merit derivative asylum as an exercise of the CIS's discretion.

### AS AND FOR A SEVENTH DEFENSE

Plaintiffs have not effected proper service of process upon defendants.

### AS AND FOR A NINTH DEFENSE

The Court lacks personal jurisdiction over defendants.

- 5 -

AS AND FOR A TENTH DEFENSE

The administrative decisions issued by the CIS on October 30, 2007 and, upon Li's motion for reconsideration, March 30, 2008, denying Li's I-730 petition on Jiang's behalf, were properly issued, were supported by substantial evidence in the record, comported with applicable law, and fell within the ambit of the CIS's broad discretion in asylum matters.

WHEREFORE, defendants respectfully request that this Court enter judgment dismissing the complaint in its entirety and for such other relief as this Court deems proper.

Dated: New York, New York
       August 18, 2007

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for Defendants

By:  /s/
      F. JAMES LOPREST, JR.
      Special Assistant United States Attorney
      86 Chambers Street, Room 410
      New York, New York  10007
      Tel. No.:  (212) 637-2728

TO:    DAVID J. RODKIN, ESQ.
        401 Broadway, Suite 305
        New York, NY  10013